Vitore SHQUTAJ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–5106–ag.

United States Court of Appeals, Second Circuit.

Aug. 22, 2008.

Melissa Desvarieux, Christophe & Associates, P.C., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Vitore Shqutaj, a native and citizen of Albania, seeks review of an October 19, 2007 order of the BIA affirming the February 2, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vitore Shqutaj,* No. A97 480 184 (B.I.A. Oct. 19, 2007), *aff'g* No. A97 480 184 (Immig. Ct. N.Y. City Feb. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We find that the agency properly determined that there has been a fundamental change in circumstances in Albania such that, even though Shqutaj suffered past persecution, any presumption of a well-founded fear of persecution has been rebutted. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *Hoxhallari v. Gonzales,* 468 F.3d 179 (2d Cir.2006). Shqutaj argues that the IJ erred in making a changed circumstances finding based on evidence that merely establishes the 2005 electoral victory of the Democratic Party in Albania. However, Shqutaj can point to nothing in the record that compels a conclusion contrary to the IJ's finding that "the government that was in power at the time [Shqutaj] and her family were mistreated is no longer in power." *See Hoxhallari,* 468 F.3d at 187; *Manzur v. U.S. Dept. of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007).

While Shqutaj attempted to provide new evidence to the BIA in the form of an expert affidavit averring that conditions had not changed in a way that was material in Shqutaj's circumstances, the BIA was under no obligation to consider that evidence. *See Ivanishvili v. U.S. Dept. of Justice,* 433 F.3d 332, 344 (2d Cir.2006) (rejecting as "without merit" the argument that "the BIA is required to consider new

evidence in the absence of a motion to reopen"); 8 C.F.R. §§ 1003.1(d)(iv), 1003.2(c). Similarly, this Court will not remand her case to agency for the consideration of extra-record evidence. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007) (refusing to remand for additional fact-finding where "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence"). Therefore, the agency's finding that circumstances in Albania have fundamentally changed is supported by substantial evidence and its denial of Shqutaj's asylum claim was proper.[1] Further, because Shqutaj was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, because Shqutaj fails to argue that the agency erred in denying her claim for relief under the CAT, she has waived any such argument. *Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

[1] The persecution Shqutaj and her family endured is disturbing in its severity. While an asylum application may establish asylum eligibility absent a well-founded fear of persecution based on the severity of past persecution, 8 C.F.R. § 1208.13(b)(1)(iii)(A), Shqutaj has waived any such argument. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (holding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

